IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01173-WYD-MEH

PURZEL VIDEO GmbH,

   Plaintiff,

v.

ANTHONY MARTINEZ, and
DERRICK ANDERSON,

   Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court in connection with Plaintiff's Amended Motion and Memorandum for Entry of Default Judgment Against Defendant Derrick Anderson ["Anderson"] filed November 13, 2013.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation of United States Magistrate Judge were issued on December 11, 2013, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty recommends therein that Plaintiff's Amended Motion and Memorandum for Entry of Default Judgment against Defendant Derrick Anderson be granted in part and denied in part.  (Recommendation at 1, 16.)  Specifically, he first notes that Defendant Anderson did not answer or respond to the Amended Complaint before the deadline, and that an Entry of Default was docketed by the Clerk of the Court

on October 15, 2013.  (*Id.* at 7-8.)  He further notes that Anderson did not respond to the motion for default judgment.  (*Id.* at 8.)

It is then recommended that default judgment be entered in Plaintiff's favor against Anderson pursuant to Fed. R. Civ. P. 55(b)(2).  (Recommendation at 9.)  In support of this, he finds that the Court has jurisdiction and that "Plaintiff has established a violation of its copyrighted work by Defendant Anderson, in that a computer at Defendant Anderson's residence participated in an illegal download of its motion picture."  (*Id.* at 10.)  Thus, Magistrate Judge Hegarty finds that "Plaintiff has established that Defendant Anderson copied Plaintiff's copyright protected work" and "recommends that the District Court find Defendant Anderson has committed a direct infringement of the Copyright Act against Plaintiff as set forth in Count I of the Amended Complaint.  (*Id.* at 12-13.)  He also recommends that the Court find that Plaintiff has demonstrated Anderson's liability as to contributory infringement as set forth in Count II of the Amended Complaint.  (*Id.* at 13.)  As to damages, it is recommended that Anderson be ordered to pay Plaintiff $2,250.00 in statutory damages as authorized by 17 U.S.C. § 504(c)(1), and $650.00 for attorney's fees and costs as authorized by 17 U.S.C. § 505.  (*Id.* at 15, 16.)

Finally, Magistrate Judge Hegarty recommends that the Court grant in part and deny in part Plaintiff's request for injunctive relief.  (Recommendation at 15.)  Thus, it is recommended that Plaintiff's request for an order directing Anderson to "destroy all copies of Plaintiff's Motion Picture" from "any computer hard drive or server without Plaintiff's authorization" that are within Defendant Anderson's "possession, custody, or

control" be granted as reasonable. (*Id.*) On the other hand, Magistrate Judge Hegarty recommends that the Court deny Plaintiff's request for an order enjoining Anderson from directly or indirectly infringing on Plaintiff's copyrighted works, as he finds that Plaintiff failed to proffer evidence sufficient to justify this request. (*Id.* at 15-16.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 1 n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. The Recommendation is well reasoned and persuasive. I agree that Plaintiff should be granted default judgment against Defendant Anderson for direct infringement of the Copyright Act and for contributory infringement as set forth in Counts I and II of the Amended Complaint. I further agree with the recommendation on

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

damages—that Anderson should pay Plaintiff $2,250.00 in statutory damages and $650.00 for attorney's fees and costs.  Finally, I agree that Plaintiff's request for injunctive relief should be granted in part and denied in part as set forth in the Recommendation.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated December 11, 2013 (ECF No. 62) is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Amended Motion and Memorandum for Default Judgment Against Defendant Derrick Anderson (ECF No. 59) is **GRANTED IN PART AND DENIED IN PART**; namely, it is granted as to the request for a default judgment and for damages, and granted in part and denied in part as to the request for injunctive relief.  Therefore, it is

ORDERED that the Clerk of Court shall enter judgment in Plaintiff's favor against Defendant Derrick Anderson for direct copyright infringement of Plaintiff's copyrighted works and contributory infringement as set forth in Counts I and II of the Amended Complaint.  It is

FURTHER ORDERED that Defendant Anderson shall pay Plaintiff the sum of $2,250.00 in statutory damages and $650.00 for attorney's fees and costs.  It is

FURTHER ORDERED that Defendant Anderson shall permanently destroy all the digital media files relating to, and copies of, Plaintiff's copyrighted work made or used by him in violation of Plaintiff's exclusive rights, as well as all master copies in his possession, custody or control from which such copies may be reproduced.  Finally, it is

ORDERED that Plaintiff's request for "entry of preliminary and permanent injunctions providing that [Defendant Anderson] shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture" is denied.

Dated:  January 6, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge